UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

T. RONALD THEODORE,
    Plaintiff,

       v.                                CIVIL ACTION NO.
                                         12-10863-MBB
U.S. DEPARTMENT OF JUSTICE
and FEDERAL BUREAU OF PRISONS,
    Defendants.

**MEMORANDUM AND ORDER RE:
FIRST AMENDED COMPLAINT
(DOCKET ENTRY # 11)**

**June 18, 2013**

**BOWLER, U.S.M.J.**

On October 9, 2012, plaintiff T. Ronald Theodore ("plaintiff"), who is proceeding pro se, filed a first amended complaint (Docket Entry # 11) without seeking leave of court. See Fed. R. Civ. P. 15(a). In light of plaintiff's pro se status, this court will construe the first amended complaint (Docket Entry # 11) as a motion for leave to file a first amended complaint.

Plaintiff filed the original complaint (Docket Entry # 1) and thereafter a "first supplement" to the complaint (Docket Entry # 3) prior to service of the complaint on defendants U.S. Department of Justice and Bureau of Prisons ("defendants"). Because plaintiff is proceeding pro se, this court will also construe the supplement (Docket Entry # 3) as part of the

original complaint (Docket Entry # 1).  Defendants' motion to dismiss (Docket Entry # 14) considers and addresses the original complaint, the supplement (Docket Entry # 3) and the proposed claims in the pending motion to amend (Docket Entry # 11).

The pending motion to amend (Docket Entry # 11) consists of four numbered paragraphs.  Paragraphs one, two and four set out a claim under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) ("Bivens"), alleging a deliberate indifference to medical care.  See generally Soto-Torres v. Fraticelli, 654 F.3d 153, 157-158 (1st Cir. 2011) (Bivens establishes "'that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits'").  Paragraphs one and three set out a proposed Bivens claim alleging retaliation.

## CONCLUSION

The motion to amend (Docket Entry # 11) is **ALLOWED** to the extent that the original complaint (Docket Entry # 1) and the supplement (Docket Entry # 3) are amended to include these two Bivens claims.

                                  /s/ Marianne B. Bowler
                                **MARIANNE B. BOWLER**
                                United States Magistrate Judge